IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 15-2069

| | |
|---|---|
| JOHN DOE, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Plaintiff-Appellant, | |
| v. | District Court No. 14-cv-7423 |
| VILLAGE OF DEERFIELD, ILLINOIS, LISA BATCHELDER AND GARY ZALENSNY, | Hon. Judge Elaine E. Bucklo, Presiding |
| Defendants-Appellees. | |

**VILLAGE OF DEERFIELD'S RESPONSE TO JOHN DOE'S MEMORANDUM RESPONSE TO ORDER TO RULE TO SHOW CAUSE**

Defendant-Appellee, the Village of Deerfield, submits the following Response to John Doe's Memorandum Response to Order to Rule to Show Cause:

On May 5, 2015, the District Court entered a minute entry denying plaintiff's motion for leave to proceed as John Doe and granting defendants' motions to dismiss. The minute entry stated the dismissal was without prejudice and for plaintiff to file an amended complaint identifying himself by name on or before May 15, 2015. [Doc. 30].

On May 15, 2015, plaintiff filed a notice of appeal to the Seventh Circuit Court of Appeals. [Doc. 31].

On May 18, 2015, the District Court entered an order setting forth the reasons for denying plaintiff's motion for leave to proceed as John Doe and granting defendants' motions to dismiss. The District Court also ordered the dismissal was without prejudice and for plaintiff to file an amended complaint identifying himself by name on or before June 1, 2015, or the dismissal will convert to one with prejudice. [Doc. 38].

1

Rather than filing an amended complaint, on June 1, 2015, plaintiff filed a motion to stay the proceedings in the District Court pending the disposition of the appeal. [Doc. 40]. Plaintiff's motion to stay is scheduled to be heard before the District Court on June 5, 2015. [Doc. 41].

Plaintiff argues the Seventh Circuit has jurisdiction over his appeal because the order denying him leave to proceed as "John Doe" is reviewable under the collateral order doctrine. The Village of Deerfield disagrees, and requests that this Court dismiss plaintiff's interlocutory appeal.

Federal courts of appeals have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. §1291. The collateral order doctrine creates an exception to the final decision rule. This Court may exercise its jurisdiction to review a district court order that is not a final decision only if three requirements are met: (1) the order must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action and (3) be effectively unreviewable on appeal from a final judgment." *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1089 (7th Cir. 2014).

However, the collateral order doctrine is narrow and modest in scope. *Id.* The only well-recognized categories of collaterally appealable orders include orders rejecting absolute or qualified immunity, Eleventh Amendment immunity, sovereign immunity, or an order denying a criminal defendant's claim of double jeopardy. *Id.*

Here, plaintiff's assertion of the collateral order doctrine fails with regard to all three steps in the analysis. First, no final order has yet been entered by the District Court. In the May 18 order, the District Court stated that if "plaintiff does not file an amended complaint revealing his identity on or before June 1, 2015, I will enter a final judgment of dismissal pursuant to

Federal Rule of Civil Procedure 58(a)." [Doc. 37]. To date, no final judgment of dismissal has been entered that "conclusively determines the disputed question."

Second, the pseudonym name issue is not completely separate from the merits of the underlying action. In its May 18, 2015 order, the District Court recognized that plaintiff's complaint alleges that "plaintiff thinks the Village prosecuted him because he had previously sued a Village police officer." [Doc. 38, p. 2]. Because plaintiff's equal protection claim rests on the Village's decision to prosecute him for local ordinance violations, allegedly because of his identity, his request to litigate under a pseudonym is directly related to his equal protection claim. In other words, the pseudonym issue is intertwined with plaintiff's equal protection claim.

Finally, plaintiff's assertion of the collateral order doctrine fails at the third step in the analysis – "which asks whether the challenged order is effectively unreviewable on an appeal from a final judgment." *Id.* a 1090. The "mere fact that a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district judgment has never sufficed." *Id.* Rather, the "the decisive consideration is whether delaying review until the entry of a final judgment would imperil a substantial public interests or some particular value of a high order." *Id.*

Here, plaintiff's request to proceed under a pseudonym does not imperil such an interest or value. Rather, as the District Court recognized, plaintiff's use of a fictitious name runs afoul of the public's common law right of access to judicial proceedings and the requirement under FRCP 10(a) that a complaint gives the name of all of the parties to the suit.

Further, and very significantly, on May 14, 2015, plaintiff filed a second federal lawsuit against the Village of Deerfield *under his real name*, Case No. 15 cv 4300. Filing a second lawsuit against the Village under his real name shows plaintiff's reason for requesting to proceed

3

anonymously (coping with the "problems of wide spread dissemination of legal records through on-line resources") has no merit.

For these reasons, plaintiff's interlocutory appeal should be dismissed.

WHEREFORE, Defendant-Appellee, the Village of Deerfield, respectfully requests that this Court dismiss Plaintiff-Appellant, John Doe's interlocutory appeal, and for all other relief it deems just and proper.

              Respectfully submitted:

         By:  /s/ Lucy B. Bednarek

Lucy B. Bednarek / ARDC# 6269389
lbednarek@ancelglink.com
***ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.***
Attorneys for Defendant-Appellee, Village of Deerfield
140 South Dearborn Street, 6th Floor
Chicago, Illinois  60603
(312) 604-9123
(312) 782-0943 Fax

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2015, I electronically filed the foregoing **VILLAGE OF DEERFIELD'S RESPONSE TO JOHN DOE'S MEMORANDUM RESPONSE TO ORDER TO RULE TO SHOW CAUSE** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants I the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Lucy B. Bednarek
LUCY B. BEDNAREK / ARDC # 6269389
One of the attorneys for Defendant, Village of Deerfield

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:    (312) 782-7606
Facsimile:    (312) 782-0943
E-Mail:       lbednarek@ancelglink.com

4814-0672-7204, v. 1